UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELIA SMITH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FEDEX GROUND and TEXAS | § | Civil Action No. 3:22-cv-1298-X |
| WORKFORCE COMMISSION, | § | |
| | § | |
| *Defendants.* | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is Defendant FedEx Ground Package System, Inc.'s ("FedEx") Motion to Dismiss. [Doc. No. 5]. Defendant Texas Workforce Commission ("TWC") did not oppose the motion and Plaintiff Angelia Smith did not respond. After careful consideration, and for the reasons below, the Court **GRANTS** the motion and **DISMISSES WITH PREJUDICE** Smith's complaint.

## I. Background

Smith, a FedEx employee, requested a personal and medical leave of absence in March 2020. Before she returned to work, her son's school closed due to the outbreak of COVID-19. Smith "was not able to return to work" since "she had no one [] to stay at home to care for her son during the day."[1]

At some point thereafter, FedEx terminated Smith's employment without telling her. Smith first learned of her termination when her employee health benefits

---

[1] Doc. No. 1-3 at 18. At this stage, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up).

card was declined.  She contacted the FedEx Benefits Center, which informed her of her termination and advised her to contact FedEx's Human Resources Department. When she did so, she received no reply.  Smith then reached out to FedEx's Family and Medical Leave Act ("FMLA") Department.  After brief communication with a representative, the FMLA Department never contacted Smith again.

Smith filed a claim for unemployment benefits with the TWC.  Over Smith's objection, the TWC agent recorded that Smith quit her job at FedEx.  The TWC denied Smith's request for unemployment benefits.  Over the next few months, Smith appealed the denial three times—to no avail.

Smith filed a new claim with the TWC for Pandemic Unemployment Assistance ("PUA").  The TWC denied this claim on September 1, 2021, and Smith appealed the next day.  The TWC once again denied her appeal.  On October 25, 2021, the TWC sent a Corrected Determination to Smith, which stated it was able to pay benefits "if your job separation is not disqualifying and you meet all other weekly requirements."[2] Smith does not claim that she responded to the TWC or filed any further appeal.

Smith sued FedEx and the TWC in Texas district court.  Her amended complaint states that it is an "appeal of a final determination of the TWC determination dated [*sic*] in favor of [FedEx] denying [Smith's] unemployment benefits."[3]  The amended complaint asserts one "Count" against FedEx and the TWC: "De Novo Review of TWC Administrative Decision."[4]  It also alleges that Smith "was

---

[2] Doc. No. 1-3 at 31.

[3] *Id.* at 16.

[4] *Id.* at 20.

discriminated against based on the American[s] [with] Disabilities Act [] ["ADA"] because of [her] prior work-related injury and her spouse disability," specifying that, "[b]ased on the current disability laws," she "should have been contacted back" by FedEx's Human Resources and FMLA Departments.[5]

FedEx removed the case to federal court and moved to dismiss Smith's amended complaint, arguing that Smith lacks standing to bring her claims, she failed to exhaust her administrative remedies before filing her ADA claim, and her pleadings lack the requisite particularity to state a claim upon which relief can be granted.[6]

## II.  Legal Standards

Plaintiffs must exhaust all administrative remedies as a prerequisite to filing suit under the ADA.[7]  Doing so requires plaintiffs to "file a timely charge with the [Equal Employment Opportunity Commission ("EEOC")] or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice."[8]  Satisfying such administrative requirements with the EEOC or appropriate state or local agency "is a precondition to filing suit in district court."[9]

---

[5] *Id.* at 17.

[6] Doc. No. 5 at 12–25.

[7] *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–78 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court."); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam) (holding that "an employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA").

[8] *Dao*, 96 F.3d at 789.

[9] *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 864 (5th Cir. 1983).

But merely filing a charge is not enough: "Exhaustion occurs when the plaintiff files a timely charge with the EEOC *and* receives a statutory notice of right to sue."[10]

When an ADA plaintiff has instituted proceedings with a state or local agency, the deadline to file a charge is "within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier."[11]

### III.  Analysis

Because the Court severed Smith's Texas Unemployment Compensation Act ("TUCA") claim against the TWC and remanded it to state court,[12] the amended complaint's only "Count"—requesting "De Novo Review of TWC Administrative Decision"—is no longer at issue before this Court.[13]  The Court therefore turns to Smith's allegation that FedEx discriminated against her on the basis of her and her spouse's disability status.[14]

---

[10] *Taylor*, 296 F.3d at 379 (emphasis added).

[11] 42 U.S.C. § 2000e-5(e)(1).

[12] Doc. No. 13.

[13] Because the TWC is still a named defendant, the Court notes that Smith's complaint raises her remaining allegation—disability discrimination—against FedEx alone.  Smith's only claim against the TWC was her appeal of its final decision denying her benefits, and the Court remanded that claim to the state court.

[14] In Smith's response to FedEx's state-court motion to dismiss and plea to the jurisdiction—which she neither attach to nor incorporated by reference in her amended complaint—Smith raised additional facts and allegations, claiming she "sustained an injury while employed with" FedEx, that her "unemployment benefits were denied by [FedEx] out of retaliation," and that her "termination from [FedEx] was malic[ious] and discriminatory and was retaliatory because of [her] injury."  *Id.* at 60–61.  But "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto," which, here, means the Court must not look beyond Smith's amended complaint.  *Collins v. Morgan Stanley Dean Witter*, 244 F.3d

Smith offers the conclusory assertion that she "exhausted all administrative remedies," but her amended complaint states that her TWC claim was for unemployment benefits only—she never alleges that she filed a charge of discrimination against FedEx with the TWC.[15]  Smith applied for unemployment benefits with the TWC, but she never filed a charge with the TWC alleging that FedEx discriminated against her due to her or her spouse's disability status.  And she never claims to have filed a discrimination charge against FedEx with the EEOC, either.  She did not, therefore, fulfill her obligation to "file a timely charge with the EEOC[] or with a state or local agency with authority to grant or seek relief from the alleged" disability discrimination.[16]  And this means she cannot have obtained a right-to-sue letter from the EEOC or relevant state or local agency.  In other words, Smith failed to exhaust her administrative remedies before filing her ADA claim.

The statute of limitations has expired for Smith to correct this fatal flaw. Smith does not know the date FedEx terminated her employment and she does not specify the date she first learned of her termination, but she requested unemployment benefits beginning August 30, 2020.[17]  Assuming this date as the date of FedEx's final

---

496, 498 (5th Cir. 2000).  So the Court may consider disability discrimination only, and cannot reach Smith's retaliation allegation.

[15] Smith's final appeal of the TWC's denial of unemployment benefits alludes to discrimination, but never mentions disability status and never states that the discrimination was perpetrated by FedEx.  Doc. No. 1-3 at 33 ("I have been advised to file yet another appeal before I file suit due to the run around and discrimination that is going on with this ridiculous process of discrimination.").  The same is true of her appeal of the TWC's denial of pandemic unemployment benefits.  *Id.* at 36 ("[M]y family has been through emotional trauma and [is] still experiencing financial hardship due to the racial discrimination that we continue to face.  [. . .]  I was just outright disseminated [*sic*] against and denied benefits.").

[16] *Dao*, 96 F.3d at 789.

[17] Doc. No. 1-3 at 37.

adverse employment action against Smith, the 300-day statutory deadline for Smith to file a charge of disability discrimination with the EEOC or the TWC expired on June 28, 2021.[18]

Smith's failure to exhaust administrative remedies should have precluded her from ever filing this claim, so the Court need not reach FedEx's arguments that Smith lacks standing and pleaded insufficient facts to support her claims.

## IV.  Conclusion

Smith failed to exhaust her administrative remedies before bringing this ADA claim against FedEx, the applicable statute of limitations now bars her from ever doing so, and the Court severed Smith's only claim against the TWC.  Accordingly, the Court **GRANTS** FedEx's motion to dismiss and **DISMISSES WITH PREJUDICE** Smith's complaint.

It is **ORDERED** that the Clerk shall mail to all counsel not registered with CM/ECF a copy of this Order.

**IT IS SO ORDERED** this 6th day of December, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[18] Exactly 300 days after August 30, 2020 is Saturday, June 26, 2021, making the final business day the following Monday, June 28, 2021.  The earlier deadline, "thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law," is inapplicable because Smith never initiated proceedings with the TWC concerning disability discrimination.  42 U.S.C. § 2000e-5(e)(1).